IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HAUTE COUTURE, INC.                                                                                   PLAINTIFF

v.                                           No. 4:09CV00809 JLH

CONTINENTAL CASUALTY COMPANY                                                         DEFENDANT

**OPINION AND ORDER**

Haute Couture, Inc., brought a claim against Continental Casualty Company for breach of a contract that required Continental Casualty to provide business interruption insurance for Haute Couture's retail clothing store. The case went to trial on July 19, 2010. After the close of evidence on July 20, 2010, while the jury was deliberating, the exhibits that had been admitted into evidence were sent to the jury room. Along with the exhibits, an outline of Continental Casualty's closing argument was mistakenly sent to the jury. The jury returned a verdict in favor of Continental Casualty. After the entry of the judgment, Haute Couture filed a motion for a new trial on the ground that the outline was extraneous evidence that prejudiced the jury. *See* Fed. R. Civ. P. 59.

In civil cases in this circuit, "the exposure of jurors to materials not admitted into evidence mandates a new trial only upon a showing that the materials are prejudicial to the unsuccessful party." *Wolff v. Brown*, 128 F.3d 682, 686 (8th Cir. 1997) (quoting *Peterson by Peterson v. Gen. Motors Corp.*, 904 F.2d 436, 440 (8th Cir. 1990)).[1] The Court must consider whether there is a reasonable possibility that the extraneous materials altered the jury's verdict. *Moore v. Am. Family*

---

[1] In its brief, Haute Couture cites to a number of state law cases that establish a slightly different standard for granting a motion for a new trial. " '[I]n a diversity case the question of whether a new trial is to be granted is a federal procedural question and is to be decided by reference to federal law.' " *Lockley v. Deere & Co.*, 933 F.2d 1378, 1385 (8th Cir. 1991) (quoting *Ferren v. Richards Mfg. Co.*, 733 F.2d 526, 528 (8th Cir. 1984)). The Eighth Circuit has not extended a presumption of prejudice to civil cases. *See Neville Constr. Co. v. Cook Paint & Varnish Co.*, 671 F.2d 1107, 1112 (8th Cir. 1982).

*Mut. Ins. Co.*, 576 F.3d 781, 787 (8th Cir. 2009) (quoting *Anderson v. Ford Motor Co.*, 186 F.3d 918, 920-21 (8th Cir. 1999), *cert. denied*, 528 U.S. 1156, 120 S. Ct. 1163, 145 L. Ed. 2d 1074 (2000)); *see also Artis v. Hitachi Zosen Clearing, Inc.*, 967 F.2d 1132, 1142-43 (7th Cir. 1992) (denying a motion for a new trial when there was "no reasonable possibility" that the extraneous material given to the jury "altered [the jury's] verdict"). A district court's grant or denial of a motion for a new trial is entitled to great deference; it will not be reversed absent a showing of abuse of discretion. *Lockley*, 933 F.2d at 1385.

The document that was mistakenly sent to the jury in this case was a short outline that Brian McNamara, counsel for Continental Casualty, used in his closing argument. The outline consists of a number of one-line and two-line talking points for McNamara's argument that Haute Couture's accounting methodology was unreliable, that the sales figures that Haute Couture used to determine its lost profits were inaccurate, and that the time period for which Haute Couture sought to recover lost profits was too long. The text is in all capital letters, and several words are in italicized or bold font to emphasize certain points. Although the document is undoubtedly favorable to Continental Casualty, we have no way to know whether the jury actually saw it. Moreover, the jury heard Mr. McNamara's closing argument in which he made all of the points that were included on the outline. They received the exhibits, along with the outline of his closing argument, approximately one hour later. In all likelihood, the jury was aware, if they saw the outline, that it was part of Mr. McNamara's closing argument, not evidence. *See Artis*, 967 F.2d at 1143 (finding that the presence of a demonstrative in the jury room did not alter the jury's verdict because the jury saw the demonstrative in the government's closing argument).

Haute Couture argues that the jury may have been unable to distinguish the outline from the jury instructions provided by the Court and may have treated it as such. No reasonable juror could have believed that the outline was an instruction from the Court. At the close of the evidence, the Court provided each juror a stapled copy of the jury instructions. Each instruction included a heading: "INSTRUCTION NO. ___." The Court asked the jurors to read the instructions quietly while the Court read them aloud. The jurors took their copies of the jury instructions with them to the jury room. The jury undoubtably knew which documents in the jury room were instructions and which were not. If the jury had believed that Mr. McNamara's outline was part of the jury instructions, which they were required to follow, it is unlikely that they would have spent approximately seven hours deliberating the outcome of the case. (*See* Pl.'s Br. 2 ("The jury deliberated approximately seven (7) hours and at one point indicated that it would not be able to reach a verdict.").) It is highly unlikely that the jurors accepted the assertions listed on Mr. McNamara's informal outline over the Court's instructions. *See Neville Constr.*, 671 F.2d at 1112 (upholding a district court's order denying a motion for new trial because the jury would not have relied on the assertions in the plaintiffs' complaint, which was mistakenly sent to the jury room, over the court's instructions).

Ultimately, the alleged misconduct at issue here was "simply a mistake by counsel in assembling trial exhibits for review during deliberations." *Wolff*, 128 F.3d at 686. The Court directed the parties to assemble the exhibits, to check opposing counsel's exhibits, and to confirm on the record that the exhibits being sent to the jury were a complete and accurate set with nothing extraneous. Haute Couture's attorney stipulated on the record that the exhibits that were being sent to the jury room were a complete and accurate set with no extraneous information. If extraneous

material was included with the exhibits because Haute Couture did not adequately review the documents, then Haute Couture is partially responsible. *See id.* (finding against the movant on a motion for new trial in part because he "was primarily to blame if the document submitted to the jury was not the [document] that he intended to submit").

Finally, this Court does not believe that a reasonable jury could find for Haute Couture. Haute Couture claimed lost income in the amount of $370,000 as a result of water damage on April 2, 2006. Continental paid $74,860.09 and denied the remainder of the claim. Haute Couture's claim for an additional $295,140 in lost income was based on records generated from its computers that purportedly showed an extraordinary increase in sales during the first quarter of 2006. It was undisputed, however, that Haute Couture's bank deposits and inventory purchases remained flat before, during, and after the first quarter of 2006. Continental introduced evidence that the database upon which Haute Couture relied to show the extraordinary increase in sales was created shortly after the water damage occurred. It would be futile to order a new trial because no reasonable jury could find for Haute Couture.

For these reasons, the plaintiff's motion for a new trial is DENIED. Document #16.

IT IS SO ORDERED this 25th day of August, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT